DANIEL PIERCE

*v.*

MARY C. HASBROUCK.

1. CHATTEL MORTGAGES—*parol agreement to extend the time of payment—founded on a valuable consideration—binding on the parties.* H and wife executed to P a chattel mortgage upon four horses, two sets of harness and a wagon, to secure a note for $300, given by H to P. Before the mortgage matured, the mortgagor let P have one pair of the horses to apply thereon at $280, the price being $300, a deduction of $20 from the price being made in consideration of an agreement by P to extend the time of the payment of the balance of the debt from two to three months. Before the expiration of two months after the maturity of the mortgage, P took possession of the other span of horses, harness and a wagon, and thereupon, the wife of H tendered to P the balance due upon the debt, and demanded a return of the property, which was refused. *Held,* in an action of trover, brought by the wife against P, that the agreement to extend the time of payment of the mortgage, was for a valuable consideration, and was binding upon the parties.

2. INSTRUCTIONS—*when not well expressed.* This court will not reverse a judgment merely because an instruction is not well expressed, and is awkward in

construction, where its true meaning is apparent, and could not have been mis-taken by the jury.

3. EVIDENCE—*inadmissible.* And in such case, evidence for the purpose of showing that the plaintiff's claim of title to the property was in fraud of her hus-band's creditors, is inadmissible, such proof being wholly immaterial.

4. The plaintiff's ownership of the property, which had been sworn to by her husband, could not be impeached in that mode.

5. SAME—*declaration by the husband.* Nor could the right of the plaintiff to the ownership be prejudiced by the declaration of her husband, made out of her presence.

6. SAME—*presumption of ownership—from possession.* Nor can any presumption of ownership by the husband, be drawn from the fact that the property was in his possession, the proof clearly showing, that he used it simply in cultivating the farm occupied by himself and wife, the plaintiff.

7. VERDICT—*power of court over—judgment may be entered upon at subsequent term.* Where parties stipulated in open court, that the jury might seal their ver-dict, deposit it with the clerk and then separate, such delivery is equivalent to a delivery in open court, and the power of the court to open and act upon it at a subsequent term is unquestionable.

8. SAME—*agreement to open on a particular day.* Nor is the authority of the court so to act, at all lessened because of an agreement by the parties, that such verdict should be opened on a particular day of the term at which it was ren-dered. The court, nevertheless, may open and act upon it on any other day.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action of trover, brought by the appellee, Mary C. Hasbrouck, in the court below, against the appellant, Daniel Pierce, and tried at the February term, 1866, of said court, and which trial resulted in a verdict for the plaintiff. A motion for a new trial was made, which the court overruled, and ren-dered judgment on the verdict, to reverse which, the cause is brought to this court by appeal. The further facts in the case are stated in the opinion.

Mr. R. L. DIVINE, for the appellant.

Mr. Charles Kellum and Mr. B. F. Parks, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

Hasbrouck and wife delivered to Pierce a mortgage upon four horses, two sets of harness, and a wagon, to secure the payment of a note for $300, held by the latter against Hasbrouck. Before the mortgage matured, the mortgagors let Pierce have a span of horses to apply thereon at $280. The plaintiff claims that the price of the horses was $300, but that they deducted $20 from the price, in consideration of an agreement by Pierce to extend the time for the payment of the residue of the debt from two to three months. This agreement is denied by the defendant.

Before the expiration of two months after the maturity of the mortgage, Pierce took possession of another pair of horses, harness and a wagon, under the mortgage, and thereupon the plaintiff, Mrs. Hasbrouck, having tendered to Pierce $55, admitted to be the balance due upon the note, demanded a return of the property. This was refused, and she brought this action of trover.

It is manifest, the action turns upon whether there was a valid extension of time upon the mortgage, that is, an agreement to extend for a valuable consideration. If the mortgagors abated $20 from the price of the first pair of horses, in consideration of such an agreement to extend, the consideration would be valuable and the agreement binding. This was the question submitted to the jury by the second instruction for the plaintiff, and though that instruction was carelessly drawn, and is awkward in its construction, it can hardly have misled the jury. They must have understood, from the course of the evidence, that this was the question upon which the case hinged. We are not willing to reverse the judgment

4—49th Ill.

merely because this instruction was not well expressed, as its true meaning can not have been mistaken.

It is also urged that the instruction in regard to the measure of damages is wrong, on the ground that if the plaintiff was only tenant in common with her husband, the damages should have been apportioned, instead of allowing the plaintiff to recover the full value of the property. But the evidence shows very clearly that there was no tenancy in common. The property belonged either wholly to the husband or wholly to the wife. The instruction, therefore, worked no harm. If the plaintiff was entitled to recover at all, she was entitled to recover the value of the property, and this was all that was contained in the instruction.

It is urged that certain evidence, offered for the purpose of showing the plaintiff's claim of title to this property was in fraud of her husband's creditors, should have been received. But we can see no grounds on which defendant could claim a right to raise that question. He had no interest in this property, except as mortgagee, and if the time of payment had been extended, his taking of the property was unlawful whether it belonged to the husband or the wife. Conceding that it might have been lawfully taken on an execution against the husband, the defendant did not so take it, and if he had the right to it under his mortgage, the right was unaffected by any question of ownership as between the two mortgagors. The evidence was, therefore, wholly immaterial. It is urged, however, that a plaintiff in trover can not recover unless he is the owner of the property. It is true, he must have either an absolute or qualified ownership, and, in the second instruction for the defendant, the court told the jury, in substance, that this plaintiff could not recover if the property in question belonged to her husband. It is unnecessary to decide whether this instruction was correct or not, in the special circumstances of this case, the defendant having acquired possession under a mortgage executed by the plaintiff with her husband. He

had the benefit of the instruction, whether right or wrong, and it is only necessary to say, in disposing of this branch of the case, that the evidence offered for the purpose of impeaching the alleged ownership of the wife, on the ground that it was fraudulent as to creditors, was not admissible. Her ownership, which was sworn to by the husband, could not be impeached in that mode.

The evidence offered to show that Hasbrouck had proposed to trade this property, and what he had said as to the ownership, was properly excluded. The rights of the wife could not be prejudiced by his declarations not made in her presence. So far as any inference of ownership was to be drawn from the possession of the horses, it was sufficiently proven that Hasbrouck used them in cultivating the farm.

Neither was there error in recording the verdict and pronouncing judgment at the May term. The parties had stipulated in open court, at the February term, that the jury might seal their verdict and deposit it in the hands of the officer to be delivered to the clerk, and that they might separate and not again return to court, it being the last day of their service, and the court being about to adjourn over Sunday. By the agreement, the verdict was to be opened on Monday, but a storm prevented the attendance of the judge, and on Tuesday the court adjourned for the term. At the next term the verdict was opened and recorded, and judgment was entered.

The parties having agreed that the sealed verdict should be delivered to the clerk, and the jury separate, such delivery was substantially the same thing as its delivery in open court. It was then under the control of the court, and the court could suspend its judgment until the next term, if it thought proper. The agreement that it was to be opened on Monday, can not be considered as taking away the power of the court to open and act upon it on another day.

We find no error in this record that would justify a reversal of the judgment.

*Judgment affirmed.*