## JESSE W. BOND

*v.*

## JAMES WOOD.

1. PRACTICE—*discharging juror before verdict is received.* It is a fatal irregularity for the judge to discharge one of the jurors in a case before the verdict is received, unless he has the consent of the parties, or their counsel, in a civil case, as the parties have the right to poll the jurors on the coming in of their verdict.

2. In this case, it was agreed the jury might seal their verdict, when made. The court, after adjournment for the day, learning that the jury had made their verdict, discharged one of the jurors from further attendance. At the opening of the court on the next day, the verdict, though signed by all the jury, was so defective that no judgment could be rendered on it. The court held the eleven jurors not to converse on the subject, and sent for the other juror, and, ten days after, procured his attendance, and sent the twelve out to reform the verdict: *Held*, that the irregularity in discharging the juror from further attendance before the verdict was received, was such an error as to require a reversal of the judgment rendered upon the verdict.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a suit brought by James Wood against Jesse W. Bond. The facts are stated in the opinion.

Mr. J. W. DAVIDSON, for the plaintiff in error.

Messrs. STEWART, PHELPS & STEWART, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

When this cause was submitted, it was agreed by the respective counsel the jury might seal their verdict. After the adjournment of the court for the day, it was represented to the judge the jury had agreed upon and sealed their verdict, and thereupon the judge, at the request of one of the jurors, discharged him from further service at that term, that he might go to St. Louis. This was done without the knowledge or consent of the parties or their counsel. The next morning when the eleven jurors returned their verdict into court, it was found to be signed by all the jurors, but it was so defective no judgment could be rendered upon it. The court held the eleven jurors under instructions not to converse about the case, and immediately took measures to procure the attendance of the juror that had been discharged.

After the lapse of some ten days he was brought into court, and the jury was sent out to reform their verdict, against the objection of defendant. This, we think, was error.

The agreement the jury may seal their verdict does not dispense with their attendance when the verdict is returned into open court. It is a fatal irregularity for the judge to discharge the jury from further service before they have returned their verdict, unless he has the consent of parties, or their counsel, in civil causes. It is the right of the parties to poll the jury, and if they are discharged for the term, this privilege is lost. After the verdict is received, and the jury discharged, the control of the jury over the case is at an end; they can not be recalled to alter or amend the verdict. *Riggs* v. *Cook*, 4 Gilman, 336.

The discharge of one or more of the jurors would deprive the remainder of all control over the case as effectually as if all had been dismissed from further service.

The case of *Pierce* v. *Hasbrock*, 49 Ill. 23, cited by counsel, is not in point. In that case the court was about to adjourn for the term, and the parties stipulated in open court the jury might seal their verdict, deposit it with the officer to be delivered to the clerk, and might separate, and need not return again to deliver their verdict. It was competent for the parties to make such an agreement, and hence there was no irregularity in the court in receiving the verdict and pronouncing judgment thereon.

Inasmuch as this cause is to be remanded, we forbear at this time to comment on the evidence, the sufficiency of which to support the verdict is questioned by one assignment of error.

The counsel makes a point on one instruction given for the plaintiff in the court below, but he has not seen fit to cause it to be printed in the abstract, or in any other manner as required by the rules of this court, and we have not deemed it our duty to examine it.

For the irregularity in discharging one of the jurors from the case before the verdict was received, a majority of the court are of opinion the judgment shall be reversed and the cause remanded.

*Judgment reversed.*