PATRICK J. CROTTY

v.

JAMES H. WYATT.

1. PRACTICE—RETURNING VERDICT—POLLING JURY.—The verdict of a jury must be returned in open court by the entire panel, and either party has the undoubted right to have the jurors called individually, and inquire as to whether the verdict returned is his verdict. A verdict is not final until pronounced in open court and recorded.

2. SEALED VERDICT.—A direction to the jury to seal up their verdict and separate, does not dispense with their personal attendance in court when the verdict is opened, or deprive either party of the right of polling the jury.

3. RULE OF COURT—CANNOT DEPRIVE PARTY OF LEGAL RIGHT.—The court, by virtue of power conferred to establish rules for the dispatch of business, cannot by such rules deprive a party of a well established legal right, unless it had in some manner been forfeited under such rules.

APPEAL from the City Court of East St. Louis; the Hon. CHARLES T. WARE, Judge, presiding.

Messrs. HALBERT & GREEN, for appellant; that a court may change the form of a verdict, but not in substance, cited Brown v. Rounsavell, 78 Ill. 589; City of Pekin v. Winkel, 77 Ill. 56.

Messrs. FLANNIGAN & CANBY, for appellee; that objections to rulings of the court on questions of evidence must be preserved by exceptions, cited Sawyer v. City of Alton, 3 Scam, 127; Smith v. Kahill, 17 Ill. 67; Board of Education v. Greenebaum, 39 Ill. 610; Allen v. Payne, 45 Ill. 339; Reynolds v. Palmer, 70 Ill. 288; Wilkinson v. Deming, 80 Ill. 342.

A proposition for a compromise of a claim is not binding unless accepted: Paulin v. Howser, 63 Ill. 312; Burroughs v. Clancey, 53 Ill. 30.

Claims acquired after suit begun cannot be set-off: Pettes v. Westlake, 3 Scam. 536; Kelly v. Garrett, 1 Gilm. 649.

As to the power of courts to establish rules of practice: Owens v. Ranstead, 22 Ill. 161.

A court may reject a portion of a verdict as surplusage, and

render judgment on the remainder:  O'Brien v. Palmer, 49
Ill. 72.

The division of costs by the jury may be rejected by the
court as surplusage: Bacon v. Callender, 6 Mass. 303; Lincoln
v. Hapgood, 11 Mass. 358.

TANNER, P. J.  This is an appeal from the city court of
east St. Louis.  The record shows that the cause was submitted
to a jury; that they agreed upon a verdict, sealed it, and
handed the same to the sheriff, and were by him discharged.
The verdict was delivered to the court, and then announced in
open court, without the jurors having been called; the appel-
lant upon the announcement and publication of the verdict,
moved the court to have the jury called by names, but the
court denied the motion, had the verdict recorded and entered
judgment thereon.  To this the appellant excepted.  He now
brings the cause to this court, and assigns for error, the refusal
of the court to allow the jurors to be called.  Where matters
are submitted to a jury their verdict must be returned in open
court by the entire panel, and when the same is pronounced,
the parties have the undoubted right to have the jurors called
individually, and to inquire of each one as to whether the pro-
nounced verdict is his verdict.  This course is termed in law,
polling the jury.  A verdict is not final until pronounced in
open court and recorded; and until this is done, either party
has the right to poll the jury.  It is not less so when the ver-
dict is brought in sealed, than when verbally announced by the
foreman.  A direction to the jury to seal up their verdict and
separate, does not dispense with their personal attendance in
court when the verdict is opened, and if any of them dissent their
verdict cannot be recorded.  Nomaque v. The People, Breese,
145; 2 Gilm. 546; Johnson v. Howe, 2 Gilm. 342; Martin v.
Morelock, 32 Ill. 485.  The counsel for appellee insists that
the court was empowered to disregard the motion for leave to
have the jury polled by virtue of a rule of practice established
by the court.  As to this rule we know nothing, as it is not
found in the record.  Still the court, by virtue of a power con-
ferred to establish rules of practice to facilitate the dispatch of

business, could not by such rules deprive a party of a well established legal right, unless it had been forfeited in some manner under such rules. In the record before us, we find no evidence of *laches* or dereliction on the part of appellant. For the error of the court in this respect, the judgment will be reversed and the cause remanded.

Reversed and remanded.