## Springfield Consolidated Ry. Co. v. John Welsch, by Emma Shoenel, Guardian, etc.

1. EVIDENCE.—*Statements of Employes and Agents.*—In an action for personal injuries against an electric street railroad company, a statement by the motorman while the car yet stood on the person of the plaintiff, that he did not stop the car because he could not reverse it, is properly admitted in evidence as a part of the *res gestœ.*

2. POLLING THE JURY—*The Right— When to be Exercised.*—The right of polling the jury is absolute, if sought to be exercised before they are allowed to separate after returning their verdict. After the jury are allowed to separate, the right is gone.

3. CARE AND CAUTION—*By Persons Under the Age of Maturity.*— The law only requires a minor to use such care and caution as is ordinarily used by one of his age and capacity. The capacity and discretion of a child of the age of seven years, is a matter fully within the common knowledge and experience of all, and jurors may consider it without direct proof as to the degree thereof.

Memorandum.—Action for personal injuries. In the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Declaration in case; plea, general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

### STATEMENT OF THE CASE.

The appellant company operated a line of electric street railway cars in Springfield. The plaintiff, a child about seven years of age, while endeavoring to escape from three

or four dogs that were chasing him, in his fright, ran upon the track of appellant road in that city, and was struck by one of its cars, and seriously and permanently injured. He recovered in this, an action on the case, a judgment against the appellant company in the sum of $2,500, to reverse which, this appeal was prosecuted. The recovery was predicated upon alleged acts of negligence of the defendant's servant, viz., that the servants of the company in control of the cars, did not exercise ordinary care to discover the plaintiff as he approached the track, in his efforts to avoid the dogs; that said servants did not warn him of the approach of the car, and did not, after they had discovered that he was in danger, exercise ordinary care and prudence to stop the car. Special findings adverse to the appellant company as to each of the alleged grounds of negligence were returned by the jury, together with a general verdict that the defendant was guilty, and assessing the damage of plaintiff at $2,500.

WILSON & WARREN and PALMER, SHUTT & DRENNAN, attorneys for appellant.

SCHNEPP & BARNES and CONKLING & GROUT, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

A number of witnesses were examined by the respective parties and much conflicting testimony elicited. The insistence of counsel for the appellant company that the injury to the child was the result of pure accident was not without support. There was also proof to maintain the case for the plaintiff. Special interrogatories propounded to the jury directed their minds to the particular charges of negligence contained in the declaration of the plaintiff, and demanded of them that they answer specifically whether such charges had been established by the proofs. The answer sustains each charge of negligence so made. The case is not, to our minds, a clear and satisfactory one, but a thorough investigation of the testimony preserved in the record has brought us to the conclusion that we would not

be justified in holding that the verdict was manifestly against the weight of the evidence. The court properly allowed the plaintiff to prove that the motorman in control of the car at the time, said after the injury had been inflicted, but while the car was yet upon the plaintiff, that he could not reverse the car, and that was the reason that he did not stop it. The statement of the motorman was proper to be given in evidence as part of the *res gestæ.* Quincy Horse Car Co. v. Gruse, 137 Ill. 264. It is true the declaration did not charge that the injury was due to insufficient or defective machinery or appliances by which the car was controlled, but the statement of the motorman tended to sustain the contention of the appellee, that the motorman saw the boy in time to have stopped the car, had he used ordinary care to do so, a point that was vigorously combated by the appellant. Moreover the special finding of the jury shows that the general verdict was based upon the acts of negligence averred in the declaration, and not upon an inference arising from the statement of the motorman, that the machinery or appliances of the car were faulty. The verdict was returned into open court and the jury discharged in the cause in the absence of the appellant or its counsel. Two days after, and while the members of the jury were yet in attendance upon the court as jurors, counsel for appellant moved the court to be allowed to poll the jury. The court denied the motion which is relied upon as error. The absence of appellant or its representative from the court when the verdict was returned was not explained or excused, nor is the propriety of the action of the court in receiving the verdict at the time questioned. The right of polling the jury is absolute if sought to be exercised before they are allowed to separate after returning their verdict. Here the jurors had been for two days exposed to outside influences which might have operated to induce dissatisfaction with the verdict. We find nothing in the record to indicate that any juror had become dissatisfied and are clearly of the opinion that the court had not power to cause the jury to be polled. Bigg v. Cook, 4 Gilm. 336; Bond v. Wood, 69 Ill. 282.

We do not think the first instruction given for the appellee declared negligence as matter of law from the existence of facts recited, or that it indicated that presumptions of negligence arose in law therefrom. There was, we think, evidence sufficient to authorize the court to instruct the jury, as was done in the second instruction, that "the law only required that the plaintiff should use such care and caution as is ordinarily used by one of his age and capacity." It was proven that the plaintiff was seven years of age. This of itself tended to show his capacity. The capacity and discretion of a child of such tender years is a matter so fully within the common knowledge and experience of all that jurors may consider it without direct proof as to the degree thereof. In the case of C. R. & J. R. R. Co. v. Ensinger, 114 Ill. 83, cited as condemning this instruction, the age of the plaintiff was not proven, and it was for that reason the court held the evidence did not warrant the instruction. We find no error demanding the reversal of the judgment. It is affirmed.