### E. J. Egmann, Adm'r, etc., v. The East St. Louis Connecting Railway Company.

1. SPECIAL FINDINGS—*Inconsistent with the General Verdict.*—A special finding that the plaintiff was a fellow-servant of the person through whose negligence the injury for which he claimed damages was caused, is inconsistent with the general verdict and will control it.

2. SAME—*Duty of the Court to Enter Judgment Upon.*—Under section 3 of the act of 1887, providing that when the special finding of fact is inconsistent with the general verdict, the former should control the latter, and the court may render judgment accordingly, such finding is not to be treated as a special verdict. It is the duty of the court to enter judgment upon it, without a motion for that purpose.

3. SAME—*Not a Finality.*—A special finding is no more a finality than a general verdict. On a motion for a new trial the question as to its being sustained by the evidence can be raised.

4. SAME—*Must be Pronounced in Open Court—Right to Poll the Jury.*—It is essential to have the special findings pronounced in open

court, as the right to poll the jury relates to the entire finding of which the special finding is a part.

5.  FELLOW-SERVANTS—*Who Are Not.*—A carpenter in the switch yards of a railroad company is not a fellow-servant of the engineer of a locomotive.

**Trespass on the Case,** for personal injuries. Error to City Court of East St. Louis; the Hon. BENJAMIN H. CANBY, Judge, presiding. Heard in this court at the February term, 1896. Reversed and remanded. Opinion filed June 18, 1896.

JESSE M. FREELS and A. R. TAYLOR, attorneys for plaintiff in error.

CHARLES W. THOMAS, attorney for defendant in error.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.
The opinion in this case, when here before, is reported in 58 Ill. App. 69, to which reference is made for a full statement of the facts as they then appeared. There was additional evidence introduced, however, on the last trial. A verdict for $5,000 was obtained, on account of the death of plaintiff's intestate, Joseph F. Newland, occasioned, as alleged, by the negligence of defendant in the operation of an engine in its switch yards at East St. Louis, which general verdict was read in open court, assented to by the jury in the usual form, entered of record, and the jury was discharged. Interrogatories were submitted to the jury by defendant for special findings of fact, as follows: "If the jury return a general verdict in this case, they will also return a special finding upon the following question of fact: Was Newland a fellow-servant with the engineer and fireman of the locomotive which struck him? to which the jury responded in writing, "Yes;" which said special interrogatory and finding, as certified in the bill of exceptions, were not read to or announced in the presence of the jury at the time the jury returned and pronounced said general verdict, and the same were never announced or pronounced by the jury in open court as their special finding in said cause, and they were never so recorded by the court."

After the lapse of six days, the defendant's counsel filed its written motion that the court enter judgment for the defendant on said special finding, on the ground it was " inconsistent with and governed the general verdict." Thereupon the plaintiff's counsel entered a cross-motion for judgment on the general verdict, on the ground that it was supported by the evidence, and because " said alleged special finding was never returned and announced or pronounced by the jury in open court and was never recorded." The cross-motion was overruled and the original sustained. Whereupon the plaintiff's counsel entered a motion in writing to set aside the order sustaining defendant's motion; to set aside the said special finding, and to grant the plaintiffs a new trial, for reasons set out in the motion, among others, that said special finding was not announced or pronounced in open court or recorded, and that the finding was not sustained by the evidence; but the court overruled the motion and entered judgment on said special finding for the defendant, and rendered judgment against the plaintiff for costs.

It is evident the special finding of an ultimate fact, that the deceased and the servants of defendant causing the injury were fellow-servants, was inconsistent with the general verdict, and therefore, under our statute, controlled it. Section 3 of the act of 1887, amending the practice act, provides: " When the special finding of fact is inconsistent with the general verdict, the former shall control the latter and the court may render judgment accordingly." Such finding, as said in People ex rel. v. Board of Education, 127 Ill. 623, is not to be treated as a special verdict, yet it controls the general verdict, when inconsistent therewith and based on an ultimate fact, and the court may render a judgment in accordance with such finding. That was done in this case. Whatever such finding may be termed, it was the concrete determination by the jury of an ultimate and vital fact, which determined in whose favor, if any one, a judgment should be entered. The court applies the law to such fact or facts as found, and enters judgment accordingly

if it sustains such finding.   Such a practice satisfies the constitutional right of a trial of the facts by a jury, which in this case resulted in favor of the defendant.   No motion was necessary on the part of the defendant to have the judgment so entered.   Primarily, that was the duty of the court, as in case of general verdicts.   But while not necessary, it was not an improper motion.

The legal status, therefore, of the record, is a jury finding of an ultimate fact, the legal effect of which was to require a judgment to be entered in favor of the defendant, or, if not sustained by the evidence, that a new trial should be granted.   A special finding is no more a finality than a general verdict, on a motion for new trial, and the question can thereby be raised as to its being sustained by the evidence. Avery v. Moore, 133 Ill. 74–77.

The errors assigned by plaintiff are:   1, That the court refused to enter judgment on the general verdict; 2, in entering judgment on the special finding for the defendant; 3, in overruling plaintiff's motion for a new trial.

The first cause is not well assigned, for the reasons stated. If the servants injured and causing the injury were fellow-servants, it is clear law there could be no judgment entered for the plaintiff.   The other errors assigned raise these questions:   1. Was it error to enter judgment on the special finding returned but not pronounced in open court?   2. Is such finding supported by the evidence?   In Martin v. Morelock, 32 Ill. 485, it is said:   "A verdict is not considered valid and final until pronounced and recorded in open court.   Either party has the right to have the jury examined by the poll before the verdict is recorded.   Before it is recorded, they may vary from the first offer of their verdict, and the verdict which is recorded will stand.   And there is no difference whether the verdict is brought in sealed or delivered verbally by the foreman."   See also Griffin v. Leonard, 111 Ill. 432–436; Crotty v. Wyatt, 3 Ill. App. 388; Lambert v. Borden, 10 Ill. App. 648; St. L., V. & T. H. R. R. Co. v. Fritz, 19 Ill. App. 85; Johnson v. Howe, 2 Gilm. 342–6; Riggs v. Cork, 4 Gilm. 351.   The

right to poll the jury relates to the entire finding of the jury, of which the special finding is an essential part.

It is as essential to have the special findings pronounced in open court as the general verdict. Not having been so pronounced, counsel for plaintiff might well assume the jury had not made such finding or responded to the material questions of fact submitted, and await the motion of opposite counsel to require the jury to respond, under penalty, for failure to so move the court, of waiving all right to complain, as held in C. & N. W. Ry. Co. v. Dunleavy, 129 Ill. 147, and other cases.

If our view of the law is correct, there was error in entering judgment on the special finding not pronounced in open court. We might remand the case on this error, but it is deemed proper to say that in our judgment the evidence does not sustain the special finding. The deceased was simply a carpenter in defendant's switch yards, and was in no way connected in his duties with the operation of the engine that struck him, or of other engines or cars. Under repeated decisions of the Supreme Court, the deceased was not in such relation with those who injured him as to be a fellow-servant with them. C. & A. R. R. Co. v. Kelly, 127 Ill. 637; L. E. & St. L. R. R. Co. v. Hawthorn, 147 Ill. 230; C. & A. R. R. Co. v. O'Brien, 155 Ill. 631.

The judgment is reversed and the cause remanded, with directions to grant a new trial.