# CASES

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—FEBRUARY TERM, 1897.

## East St. Louis Connecting Railway Company v. E. J. Eggmann, Adm'r.

1. APPELLATE COURT PRACTICE—*Errors not Argued Deemed Abandoned.*—An assignment of error which is not referred to in the briefs will be deemed abandoned and will not be considered by this court.

2. PRACTICE—*Motions for New Trial and in Arrest of Judgment.*— A motion for a new trial should precede a motion in arrest of judgment, and when a motion in arrest is first heard and determined it is presumed that the motion for a new trial has been abandoned.

3. SAME—*Waiver of Objections.*—Where no exception is taken to the overruling of an objection to evidence, at the time it was offered, the objection must be regarded as waived, and an instruction asking that the evidence be excluded from the consideration of the jury should be refused.

4. VERDICTS—*At What Time they May be Received.*—It is not error for the judge to receive the verdict of the jury in an interval between the adjournment of the court and the time set for it to meet again in pursuance of such adjournment. The reception of the verdict is a mere ministerial act.

5. NEGLIGENCE—*An Instruction in Regard to, Considered.*—An instruction in a personal injury case informing the jury that the defendant could not recover if he " had actual timely notice of the approach of the engine which struck him," was modified by adding " that is, sufficient notice to enable him to get out of the way by the exercise of ordinary care." *Held*, that the modification was properly made.

6. SAME—*A Question for the Jury.*—Whether the plaintiff in a personal injury suit was himself negligent, under the circumstances dis-

(32)

closed by the evidence, is a question for the jury and not for the court to determine, and an instruction telling the jury that certain facts, if proved, amount to negligence may properly be modified so as to tell them that such facts should be considered in connection with the other evidence in the case in determining the question of negligence.

7.   RAILROADS—*Ordinances Regulating Speed of Trains and Requiring the Ringing of a Bell.*—The fact that a person alleged to have been injured through the negligence of a railroad company, was an employe of such company, and was working in its private grounds at the time of the accident, does not exclude him from the benefits of a city ordinance regulating the speed of trains and requiring a bell to be rung constantly while a train is moving within the limits of the city.

**Trespass on the Case.**—Death from negligent act.   Appeal from the City Court of East St. Louis; the Hon. Alonzo D. Wilderman, Judge presiding.   Heard in this court at the February term, 1897.   Affirmed. Opinion filed September 10, 1897.

CHARLES W. THOMAS, attorney for appellant.

JESSE M. FREELS and A. R. TAYLOR, attorneys for appellee.

MR. JUSTICE BIGELOW DELIVERED THE OPINION OF THE COURT.

This is an action on the case brought by appellee, in the City Court of East St. Louis to recover damages for the alleged negligence of appellant, in injuring and causing the death of Joseph F. Newland, appellee's intestate.

There is but one count in the declaration, and the negligence of the defendant alleged therein is, that while plaintiff's intestate was engaged in making a drain for defendant, under defendant's road-bed, in the city of East St. Louis, and while in the exercise of due care and diligence, defendant's engineer, in charge of its engine and freight cars, on the 19th day of October, 1891, negligently and carelessly ran said engine with great force and violence against and upon the said Joseph F. Newland, thereby inflicting such injuries to his leg and body that he died five days thereafter; that Newland was not a fellow-servant with defendant's servants in charge of the train; that an ordinance of the city of East St. Louis prohibited the

running of said engine and cars within the limits of the city at a rate of speed exceeding six miles an hour, and further required the bell of such engine to be constantly rung while moving within the limits of the city; that said engine and cars were, at the time of the injury, being run at a speed exceeding six miles an hour, and that the bell of the engine was not rung.

Plaintiff recovered a verdict and judgment for $3,500.

The case has been here twice before, and is. reported in 58 Ill. App. 69, and 65 Ill. App. 345.

There is more and different evidence in the record now than in the first record, when the judgment of the court below, in favor of appellee, was reversed, because the verdict of the jury was against the weight of the evidence.

At the close of plaintiff's evidence in chief, the defendant moved the court to instruct the jury to find the defendant not guilty, which, being overruled, was again renewed, at the close of the evidence, with a like result, and defendant excepted.

The jury were instructed and retired early in the evening, when the court adjourned until 9 o'clock the following morning; but about 10 o'clock in the evening, the jury having agreed, the court reconvened, without the presence of the clerk, or defendant's counsel, and received the verdict of the jury; whereupon the court adjourned as before, and the jury separated.   The defendant then filed a motion in arrest of judgment, which was overruled by the court, and the defendant excepted.   The defendant then filed a motion for a new trial, which the court denied, and defendant excepted; and judgment having been rendered on the verdict, the defendant brings the case to this court by appeal, and assigns three errors, viz.: First, the overruling of the motion in arrest of judgment; second, the overruling of the motion for a new trial; third, the entry of judgment on the verdict.

Inasmuch as defendant's counsel has not, either in the principal or reply brief, referred to the first assignment of error, we are justified in supposing it has been abandoned. Had the defendant, after the entry of the order overruling

East St. Louis Connecting Ry. Co. v. Eggmann.

the motion in arrest of judgment, moved the court to strike the motion for a new trial from the files, doubtless it would have been sustained, as the latter motion should precede and not follow a motion in arrest, and when a motion in arrest is first heard and determined, it is presumed that the motion for a new trial has been abandoned. Hall v. Nees, 27 Ill. 411. Counsel for appellant, in his motion for a new trial, sets up eight reasons why the motion should have been sustained; but in the "Brief of the Argument" filed by him, only a few of them are noticed, hence we must presume those not noticed are abandoned, and we will consider only those that are noticed.

The first contention of appellant's counsel is, that the court erred in receiving the verdict of the jury as it did. It does not appear that defendant suffered injury in consequence of the action of the court. Nor does it appear that the jury were discharged for the term. If the court had kept the jury out until it convened the next morning, "without meat or drink, fire or light," as in William Penn's case, what good would it have done? The verdict was as safe in the possession of the court as it would have been had it been sealed and left in the possession of the foreman of the jury, as is the usual practice in civil cases. In the case of Baxter v. The People, 3 Gilman, 368, which was a capital case, it was held that the receipt by the court of the verdict of the jury on Sunday was a ministerial act, and so not error; and this was followed by McIntire v. The People, 38 Ill. 514 (another capital case), holding that it was not error to receive the verdict of the jury in the interval after the adjournment of court, and before convening again, as in this case. Certainly, if the act of receiving and entering the verdict of a jury in a capital case on Sunday, and also in the interval after the adjournment of court in the evening, and before it convenes next morning, are but ministerial acts, it does not seem possible that the act of receiving the verdict in this case, as was done, can be judicial; therefore it was not error.

It is further contended by appellant's counsel that the

court should not have permitted sections 583 and 584 of the ordinance of the city of East St. Louis to be read to the jury. It is a sufficient answer to this contention that no objection was made to the introduction of the evidence, and so no question is before this court concerning it.

Objection is made to appellee's only instruction given to the jury, mainly for the reason that it assumes facts proven, instead of leaving them to the jury to find. This objection would be well taken if it were true, but it is not. The instruction is somewhat lengthy, and summarizes the facts necessary to be proven according to plaintiff's theory of his case as set forth in his declaration; and covering all the points in the case, of which there was any evidence, tells the jury that if they find from the evidence all of these several matters, they should find the defendant guilty, and assess the plaintiff's damages. Nothing is assumed to have been proven, but every necessary fact to make a case for the plaintiff, of which there was any evidence, was left to the jury to find.

Objection is made to the modification of appellant's instructions two and three, and also to the refusal to give instruction number seven. Instruction number two is as follows :

" 2. The court instructs the jury that if they believe from the evidence that Newland had actual timely notice of the approach of the engine which struck him, whether such notice was received from a bystander, or from seeing and hearing the engine as she approached, then it makes no difference in that case whether the bell of the engine was ringing or whether she was running at a greater rate of speed than six miles on hour."

As modified and given to the jury by the court, the instruction is as follows :

" 2. The court instructs the jury that if they believe from the evidence that Newland had actual timely notice of the approach of the engine which struck him, that is, sufficient notice to enable him to get out of the way by the exercise of ordinary care, whether such notice was received

East St. Louis Connecting Ry. Co. v. Eggmann.

by him from a bystander, or from hearing or seeing the engine as she approached, then it makes no difference in this case whether the bell of the engine was ringing or not, or whether she was running at a greater rate of speed than six miles per hour."

The modification simply informed the jury what the words "timely notice" meant, and without it the jury might have been misled.

Instruction number three as asked, is as follows:

" 3.   If the jury believe from the evidence that Newland was in defendant's employ as a carpenter, and as such was at work putting in a drain under defendant's tracks, at a place where defendant's engines and cars were accustomed to pass at frequent and irregular intervals, and that Newland was acquainted with the manner in which the engines were operated there, and when the engine which struck him was approaching him, and but a short distance from him, he was at the side of the track upon which the engine was moving, and was clear of the engine, and where he would not have been struck if he had not moved, and that he was warned of the engine's approach, and changed his position, or slid, or fell down, so that the engine struck him and caused his injury, then the plaintiff can not recover in this case."

The court struck out the last seven words of the instruction, and added the following: " These facts should be considered by the jury, in connection with all the other evidence in the case, in determining whether the said Newland was himself guilty of negligence which directly contributed to his injury; and if you believe from the evidence he was guilty of negligence which directly contributed to his injury, the plaintiff can not recover and your verdict in such case must be for the defendant."

The modification of the instruction saved all the supposed facts stated in it for the consideration of the jury, without telling them what the effect would be if they were proven, and this was all the defendant was entitled to.   If Newland was negligent, and his negligence directly contributed to

his injury, the plaintiff could not recover; but whether, under the circumstances disclosed by the evidence, he was negligent was a question for the jury and not for the court to determine, and in determining it the jury were properly instructed to take into consideration all of the evidence in the case bearing on the question.

Appellant's refused instruction No. 7 sought to exclude from the jury any consideration by them of the sections of the ordinances of the city of East St. Louis, given in evidence by appellee, in case the jury should find Newland was an employe of appellant, and at the time of the accident was working on its private grounds and not in any public street or place. As no exception was taken by appellant to the overruling by the court of appellant's objection to the evidence at the time it was offered, the objection must be regarded as waived. E. St. L. Elec. St. R. Co. v. Cauley, 148 Ill. 490; E. St. L. Elec. R. Co. v. Stout, 150 Ill. 9. The sections of the ordinances were relied on in plaintiff's declaration, as a ground for recovery, and even if an exception to their introduction had been saved by appellant, the instruction should have been refused. St. L., A. & T. H. R. R. Co. v. Eggmann, 161 Ill. 155; I. C. R. R. Co. v. Gilbert, 157 Ill. 355.

The only remaining contention of appellant is, that the verdict of the jury is against the evidence.

When the case was here the first time, and the judgment was reversed because the verdict of the jury was against the weight of the evidence, this court did not hold that there was an entire lack of evidence on the part of plaintiff. Had it so held, it would not have remanded the case for a new trial.

There is new and material evidence on the part of plaintiff in the record now, that was not introduced on the first trial, and while the evidence is conflicting, it is not our province to determine on which side it preponderates; but it is the duty of the jury to settle conflicting evidence, and having done so their verdict should stand, and the judgment on it will be affirmed.