### Commissioners of Spoon River Drainage District v. John P. Connor et al.

JURY—*when discharge of, vitiates verdict.* The discharge of a jury before their verdict has been received vitiates the verdict when returned, and this notwithstanding an agreement by the parties that the jury may seal their verdict and separate.

Petition to annex lands to drainage district. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

RAY & DOBBINS, for appellants.

JOHN A. REA and ALBERT E. BERGLAND, for appellees.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

The Commissioners of Spoon River Drainage District of Champaign county filed their petition in the County Court of that county to attach the lands of appellees to the said district claiming that the same naturally drained into the ditches of the district and

the owners of said land had tiled the same and drained into said district and that said lands were benefited by the outlet so furnished. The cause was heard in the County Court and appeal taken from that court to the Circuit Court of said county where the case was again tried. There was a finding in the latter court that none of the lands of the appellee would be .or were benefited by the drain as claimed by the commissioners, from which finding the said drainage district has appealed.

Appellants assign as error that the verdict was not properly returned by the jury into court, and as we regard that error one of such gravity as to make a. reversal imperative, we do not discuss any of the other errors argued.

From the record it appears that when the jury were about to retire on April 27, 1906, to consider their verdict, the following entry upon the record was made by the trial court: "By agreement it is ordered that when the jury shall agree upon their verdict they may sign and seal same and deliver it to the bailiff in charge and. separate." Thereafter the court, of its own motion, and without any stipulation warranting it, made the following entry upon the record: "Ordered that said jury be thereafter discharged for the term."

On the next day, April 28, 1906, the jury having agreed and having separated and also having been discharged for the term by previous order, the court, in the absence of the jury, received their verdict, delivered by the bailiff, and treated the same as a verdict in the case.

The agreement that a jury may seal their verdict and separate does not dispense with their attendance upon the court when their verdict is returned into open court. Either party has a right to poll the jury, and if they be discharged for the term, before their verdict is so returned, this privilege is lost. It is a fatal irregularity for the judge to discharge the jury from further service before they have returned their ver-

dict, unless he has the consent of the parties. Bond v. Wood, 69 Ill. 282.

In St. L., V. & T. H. R. R. Co. v. Faitz, 19 Ill. App. 90, the court say: "This right to have the jury examined by poll is a legal one, of which the parties cannot be deprived without their consent; and an agreement that the jury may seal their verdict and separate does not dispense with their attendance when the verdict is received."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*