LA ROY GRIFFIN

*v.*

CHARLES LARNED.

*Filed at Ottawa November 17, 1884.*

1. PRACTICE—*as to manner of delivering verdict.* A verdict may be reduced to writing and signed by the jury, or it may be delivered *oro tenus* by the foreman. Whatever may be pronounced as the verdict by the jury in open court, whether in writing or verbally, through the foreman, will be regarded as their verdict.

2. SAME—*as to control over verdict by the jury after making and sealing same.* A jury, by direction of the court, made and sealed up a verdict in writing, signed, however, by only eleven of their number, assessing the plaintiff's damages at "fourteen hundred and sixty-seven and eighty-eight cents," leaving out the word "dollars," delivered the same to the clerk of the court, and separated for the night. Next morning the clerk read the verdict, publicly, as it should have been, making the damages $1467.88, and asked the jury if that was their verdict, and the foreman said it was, and they were discharged: *Held,* that the verdict as read in open court was the only verdict in the case, and that it was immaterial what was the form of the one written out by the jury.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. LYNN HELM, for the plaintiff in error:

A verdict must find the issues submitted, and should be regular in form, explicit, certain, and free from ambiguity. 3 Graham & Waterman on New Trials, 1376–1378; 1 Paine & Duer's Practice, 544; *Diehl* v. *Peters,* 1 S. & R. 367; *Hayward* v. *Bennett,* 3 Brev. 113; *Moody* v. *Keener,* 7 Port. 218.

The courts will not permit even a general verdict to stand, if it is unintelligible.

A verdict for the plaintiff must find the amount of the debt sued for, or assess the damages; and in the event of a failure to do so, a court is not warranted in supplying the deficiency.

10 Bacon's Abr. 361; Trials *per pais*, 259; *Hirth* v. *Lynch*, 96 Ill. 409; *Long* v. *Linn*, 71 id. 152; *Van Benthuysen* v. *De Witt*, 4 Johns. 213; *Drage* v. *Brand*, 2 Wils. 377; *Hardy* v. *Bern*, 5 T. R. 636.

A defect in a verdict can not be remedied by amendment after the verdict has been delivered and the jury discharged. *Wilcoxon* v. *Roby*, 3 Gilm. 475; *Bodine* v. *Swisher*, 66 Ill. 536; *Walter* v. *Junkins*, 15 S. & R. 414.

A special verdict, to be valid, must be reduced to writing, and signed by the jury and delivered to the clerk, before the jury separate. After the jury separate the verdict can not be amended. *Sage* v. *Brown*, 34 Ind. 469; *Sargent* v. *State*, 11 Ohio, 472; *Sutliff* v. *Gilbert*, 8 id. 445.

When a verdict is uncertain and defective, it is the duty of the court to award a *venire de novo.* A judgment which is uncertain and defective, which has no word, mark or character to indicate for what the judgment was rendered, will not be sustained. *Avery* v. *Babcock*, 35 Ill. 175; *Lawrence* v. *Fast*, 20 id. 338; *Lane* v. *Bommelmann*, 21 id. 143; *Dukes* v. *Rowley*, 24 id. 211; *Bailey* v. *Doolittle*, id. 577.

Messrs. HAWLEY & HANCHETT, for the defendant in error:

A verdict, whether sealed or not, does not depend for its validity upon its being signed, but upon the jury pronouncing it to be their verdict in open court. This may be done through their foreman. *Martin* v. *Morelock*, 32 Ill. 486; *Nomaque* v. *People*, Breese, *109; *Crotty* v. *Wyatt*, 3 Bradw. 388; *Root* v. *Sherwood*, 6 Johns. 68; *Blakely* v. *Sheldon*, 7 id. 33.

When a verdict is read by the clerk in open court, and is affirmed by the foreman, it is the plain right and duty of the jury to then (as they may not after their discharge) express their dissent, if any they have; and silence under such circumstances must be taken as tacit assent. Broom's Legal Maxims, 140, 908; *Suver* v. *O'Riley*, 80 Ill. 104; *Martin* v. *Morelock*, 32 id. 486; *Powell* v. *Feeley*, 49 id. 143.

Not only the form but the substance of the verdict is within the control of the jury until their discharge, and they may vary or correct it before such discharge. *Martin* v. *Morelock,* 32 Ill. 486; *Osgood* v. *McConnell,* id. 75; *Faulk* v. *Kellums,* 54 id. 189; *Blakely* v. *Sheldon,* 7 Johns. 33; *Ashton* v. *Touly,* 131 Mass. 26.

It·was the duty of the jury to respond, through their foreman, when asked by the clerk if the verdict read was their verdict; and the court will not indulge the presumption that they violated their oaths by silently assenting to what was not the verdict they meant to render. *Suver* v. *O'Riley,* 80 Ill. 104; *Brown* v. *Rounsavell,* 78 id. 589; Practice act, sec. 24; Broom's Legal Maxims, 87, 137, 908.

When a verdict is informal, it may be put in form, according to the justice of the case, before affirmance, if the point in issue can be collected from the finding. *O'Brien* v. *Palmer,* 49 Ill. 72; *Brown* v. *Rounsavell,* 78 id. 589; *Osgood* v. *McConnell,* 32 id. 75; *Hartford Fire Ins. Co.* v. *Vanduzer,* 49 id. 489; *Boynton* v. *Phelps,* 52 id. 210; *Faulk* v. *Kellums,* 54 id. 189; *Jones* v. *Julian,* 12 Ind. 274; *McRae* v. *Colclough,* 2 Ala. 74; *Battles* v. *Braintree,* 14 Vt. 348; *Meade* v. *Smith,* 16 Conn. 346; *McGregor* v. *Amrill,* 2 Clarke, 30.

A verdict, after being read by the clerk in open court, may be varied by the jury, before affirmance as their verdict. *Root* v. *Sherwood,* 6 Johns. 68; *Blakely* v. *Sheldon,* 7 id. 33; *Martin* v. *Morelock,* 32 Ill. 485; *Suver* v. *O'Riley,* 80 id. 104; *Rigg* v. *Cook,* 4 Gilm. 336.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

We have been favored with no argument in support of the first and second errors assigned, and hence we have concluded that they have been abandoned, or at least are not relied upon here. The point discussed and relied upon in the argument is, that the court erred in rendering judgment on the verdict.

It appears from the record that the trial, which was in an action of assumpsit on a promissory note, occurred on the first day of February, 1883. After the respective parties had introduced their evidence the jury retired, and as the hour for adjournment had arrived, the court ordered the jury, in the event they should agree before the meeting of the court on the next day, to seal up the verdict, deliver it to the clerk, separate, and meet the court when court convened on the next morning. The jury agreed upon a verdict, which was reduced to writing, sealed, and delivered to the clerk. On the following day, being one of the days of the January term, the jury being present in court and the counsel of the parties present, the clerk of the court, in the presence of the jury and by order of court, opened the sealed verdict, which was in the words and figures as follows, to-wit:

"CHICAGO, *Feb. 1st, 1883.*

"We, the jury, find the issues for the plaintiff, and assess his damages at (1467.88) fourteen hundred and sixty-seven and eighty-eight cents."

This was signed by eleven jurymen. But the clerk read said verdict to the jury as though the same had been as follows:

"CHICAGO, *Feb. 1st, 1883.*

"We, the jury, find the issues for the plaintiff, and assess his damages at fourteen hundred and sixty-seven dollars and eighty-eight cents."

—And then and there asked the jury if the same was their verdict. The said jury, through its foreman, said that it was, whereupon they were discharged, and judgment was rendered on the verdict for $1467.88.

A verdict may be reduced to writing and signed by the jury, or it may be delivered *oro tenus* by the foreman. The validity of a verdict does not depend upon its being reduced to writing and signed by the members of the jury, but whatever may be pronounced as the verdict by the jury in open court,

whether in writing, or verbally through the foreman, is to be regarded as the verdict of the jury. The fact that a jury may be directed to seal their verdict and deliver it to the clerk, is of no consequence. When the verdict is read in court, if any one of the jurors declares that it is not his verdict, then there is no verdict upon which a judgment can be entered. In *Root* v. *Sherwood*, 6 Johns. 69, where the validity of a sealed verdict was under consideration, it is said: "There is no verdict of any force but a public verdict given openly in court. Until it was received and recorded it was no verdict, and the jury had a right to alter it, as they may a parol verdict." See, also, *Blakely* v. *Sheldon*, 7 Johns. 33; *Rigg* v. *Cook*, 4 Gilm. 336; *Martin* v. *Morelock*, 32 Ill. 485. In the last case cited it was ruled that a verdict was not considered valid and final until pronounced in open court. Either party has the right to have the jury examined by the poll before the verdict is recorded.

Here a verdict was reduced to writing and signed by the jurors. The word "dollars" was omitted from the amount which they had determined plaintiff should recover; but the clerk of the court, in reading the verdict, supplied the omission, and the jury, in response to the question propounded by the clerk, through its foreman declared that the verdict as read by the clerk was their verdict. Under such circumstances it was immaterial what the written verdict contained, or what may have been its omissions or defects. The verdict of the jury was delivered orally in court by the foreman, in the presence and hearing of the other jurors. That verdict was in due form, and judgment was properly rendered by the court upon it. The verdict as read by the clerk and rendered by the jury was their verdict, and their only verdict.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*