## Mexican Amole Soap Co. v. William E. Clarke.

1.  FRAUD—*Vitiates all Contracts.*—Fraud vitiates all contracts between the parties to it.

2.  SAME—*Defense in Law and Equity.*—The defense of fraud can be availed of in a court of law as well as in a court of equity.

3.  SAME—*Right to Avoid a Contract.*—Where a person by the false representations of another as to his average monthly sales while in the service of a former employer, and like false representations as to the amount of salary he received, is induced to enter into a contract of employment against his interest, and which he would not otherwise have done, he has a right to avoid the contract when he learns the real truth.

4.  EVIDENCE—*Of False Statements Competent.*—A salesman induced a merchant, by false statements as to the amount of sales made by him while in the service of a former employer and the amount of salary paid to him, to enter into a contract of employment which he would not otherwise have done.    In an action for services after his discharge, it is competent for the merchant to show that such statements were false, and that by reason of them he was induced to enter into the contract of employment.

5.  CONTRACTS—*Inquiry as to Truth of Statements.*—Where a party makes statements to another for the purpose of inducing him to enter into a contract, and requests that such statements be accepted as the

truth, he can not, in an action upon the contract, insist that the party should have made inquiry as to the actual truth of such statements.

6. PRACTICE—*Informal Verdicts.*—Where the verdict of a jury omitted the word ·' dollars," but the clerk of the court read it when presented in court and in the presence of the jury with the omitted word inserted, and the court therefore discharged the jury, it will be regarded as the verdict of the jury as read· by the clerk.

Assumpsit, on a contract of employment. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed December 17, 1897.

ARTHUR KEITHLEY, attorney for appellant.

The common law courts may entertain jurisdiction of questions of fraud, and a conveyance, whether by deed from an individual, or by patent from the government, although executed with all the forms of law, when obtained in fraud of the rights of others, may, in an action of ejectment, be disregarded by the court as void, at the instance of the injured party or those holding under him. Rogers v. Brent, 5 Gilman, 574; Douglas v. Hartzell, 15 Ill. App. 251.

Where the contract has been partially executed by a party before he discovers the fraud which has been practiced upon him, he is then in a position to elect the course he will take, and in this his own interest is his only guide. If he decides he can make more by affirming the contract than by rescinding, he has the right to do so, reserving his claim for damages arising from the fraud, either by a separate action or claiming them by way of recoupment, if sued upon the contract. This course he may pursue, and it is the doctrine of this and other courts, that recoupment will be allowed whenever an action for damages can be sustained, and thus avoid circuity of action, and courts will favor recoupment rather than drive a party to a separate action. Peck v. Brewer, 48 Ill. 54.

A willful misrepresentation as to the income derived from the royalty of a certain patent, which induced a land owner to exchange his interest for a one-half interest in such royalty, is sufficient evidence of fraud and deceit to set aside the sale. Crosland v. Hall, 33 N. J. Eq. 111.

ISAAC C. EDWARDS, attorney for appellee.

Fraud is never presumed, but is a question of fact, and must be proved by the party alleging it the same as any other fact. That being true, it is for the jury to construe the evidence, and give it such weight and effect as in their judgment it is justly and fairly entitled to; and in the absence of anything showing passion or prejudice on their part, or indicating that they were misled, an Appellate Court will not ordinarily interfere with their finding. Powell v. Kelley, 17 Ill. App. 256.

An employer has no right to discharge his employe merely because the relation is not liable to be a profitable one. Jaffray v. King, 34 Md. 217; Dugan v. Anderson, 36 Md. 567; Greene v. Washburn, 7 Allen (Mass.) 390.

The fact that the efforts of a traveling salesman to make sales are not very successful, and that another person who is afterward employed in the same capacity succeeds in making larger sales, is no evidence that he did not serve his firm faithfully and to the best of his ability. Hamill v. Foute, 51 Md. 419.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellee brought suit against appellant to recover a balance he claimed to be due him for salary, under a written contract, of which the following is a copy :

"PEORIA, ILL., August 5th, 1895.

We hereby agree to employ W. E. Clarke for the term of one year as traveling salesman at a salary of $80.00 per month and expenses.     MEXICAN AMOLE SOAP CO."

Appellee commenced work under this contract August 22, 1895, and continued so working until January 1, 1896, when he was discharged by appellant, and afterward brought this suit.

The cause was tried by a jury who returned a verdict in favor of appellee for $509.33, from which the plaintiff remitted $29.33, and the court entered judgment against appellant for $480 after overruling a motion for a new trial.

The defense interposed by appellant was, that the contract was procured by the false and fraudulent representations of appellee upon which it relied in making the contract; and that it was justified in discharging him after it ascertained the truth.

Appellee had been in the employment of the Des Moines Soap Works as a traveling salesman, selling soap in a portion of the State of Iowa. He applied to appellant for employment in a like capacity, and represented that his average sales for the Des Moines company were from $1,500 to $1,800 per month, and that the salary paid him by that company was $75 per month and expenses. The proofs showed that his average sales for the Des Moines company were but about $579 per month. During the time he worked for appellant, that is from August 22, 1895, to January 1, 1896, he sold in all only $607.06 worth of soap, and even this amount seems to have included some orders never received by appellant, while he was paid for salary and expenses during the same period of time, $361.72.

On the trial appellant offered to show that appellee, while working for the Des Moines company, was paid as salary only $50 per month, and that his statement that his salary was $75 per month was false. The court refused to admit this evidence and in this ruling we think the court erred. If by appellee's false representations as to his average monthly sales while with the Des Moines company, and like false representations as to the amount of salary he was receiving, appellant was induced to enter into a contract it would not otherwise have made, we think it would have a right to avoid the contract for fraud, and discharge appellee when it learned the truth, on the principle that fraud vitiates all contracts between the parties to it. Allen et al. v. Hart, 72 Ill. 104.

And the defense can be availed of as well in a court of law as in a court of equity. Jamison v. Beaubien, 3 Scam. 113; Rogers v. Brent, 5 Gilm. 574; Wing v. Sherrer, 77 Ill. 200.

The case of Hauk v. Brownell, et al., 120 Ill. 163, and

other cases of like character cited by appellee, are not in point as against this proposition. While it may be true the parties were dealing at arm's length, yet the representations made by appellee were as to facts within his own knowledge and as to which appellant had none. Mr. Masker, the secretary of appellant, testifies that in the conversation when the alleged false representations were made, and which resulted in the contract, he proposed to write to the Des Moines company and see if they verified his statements, but to this appellee objected on the ground that if the Des Moines company knew he was trying to get another position they would discharge him. Appellee nowhere denies this, nor does he deny that he made the false representations concerning his sales or salary with the Des Moines company. Hence the argument comes with poor grace from him now, that appellant was dealing with him at arm's length and could have ascertained the truth or falsity of his statements had it exercised due diligence! At his own request no further inquiry was made, but his own statements were accepted as the truth, and relied upon by appellant in making the contract. This clearly appears from Mr. Masker's testimony, and appellee does not pretend to contradict him.

The defendant below asked the court to give to the jury the following instruction, viz.: "If the jury believe from the evidence that the plaintiff procured the contract sued on in this case from the defendant by fraud, then the defendant had a right to discharge the plaintiff, and he can not recover in this action." Had the instruction been limited to the right to discharge for the fraud, we think it would have been entirely proper, but we are not prepared to hold that appellee might not recover for the time actually worked. While appellant would have the right to discharge on learning the truth, yet it could not retain appellee in the service and refuse to pay him for the time he was employed after it knew all the facts. The instruction above quoted, and one other on the same line refused by the court, ignored the right to recover for the time actually served and therefore it was not error to refuse them.

The jury returned into court the following verdict: "We, the jury, find the issues for the plaintiff and assess the damages at five hundred nine and thirty-three one-hundredth (509.33)," thus leaving out the word "dollars."

But the clerk read the verdict in open court before the jury were discharged, and in their presence, as though the word "dollars" were inserted therein. Thereupon the court discharged the jury, but in the afternoon and against the objection of appellant, called them together again and had them correct their verdict so as to contain the word "dollars." This action of the court is complained of as error. But we think the reading of the verdict in the presence of the jury as though the word dollars were inserted, thus making a verdict in favor of plaintiff for $509.33 was sufficient. While under our practice the verdict is usually reduced to writing and signed by the jury, yet it may be delivered *ore tenus* by the foreman. "Whatever may be pronounced as the verdict of the jury in open court, whether in writing or verbally through the foreman, is to be regarded as the verdict of the jury." Griffin v. Larned, 111 Ill. 432. The verdict having been read to the jury as $509.33 and they having assented to it, made it a complete and valid verdict, and afterward calling the jury together again to correct it, while unnecessary, was harmless. There was no error in this action of the court.

An effort was made by appellant on the trial to prove that it had sent to appellee a check for $70.05 in full of everything, as per a previous letter. The court refused the offer and this is assigned as error. If the proofs had shown that this letter and check were actually sent to and received by appellee and retained by him, he would be bound thereby and could not afterward claim a greater sum. The retention of the check would have barred any further claim under the authority of Ostrander v. Scott, 161 Ill. 339. But the proper proof was not made so as to connect the check with the letter referred to as the "previous letter," and to show the receipt of the check, and hence the court committed no error in refusing the offer so far as it was made.

But for the error in refusing to allow proof as to the salary appellee was receiving from the Des Moines company and because the verdict is against the evidence, we think the judgment must be reversed and the cause remanded for a new trial under proper evidence and instructions, in accordance with the views hereinabove expressed.

Reversed and remanded.