## Catholic Order of Foresters v. Barbara Fitz.

1. VERDICTS—*Where Different Ones Appear in the Record.*—Where a jury returned into court with their verdict and upon its being handed to the presiding judge he read it aloud to the jury and inquired of them if it was their verdict, to which the several members of the jury responded in the affirmative, such verdict will prevail and must govern, even against any other verdict which the clerk may have copied into the record.

2. SAME—*Who Can Not Complain that it is Too Small.*—When a jury fails to compute interest on the amount of damages found by them and consequently returns a verdict for too small an amount, it is a matter of which the party against whom the verdict is rendered can not complain.

Assumpsit, upon an endowment certificate. Trial in the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

E. S. CUMMINGS and E. MEERS, attorneys for appellant.

The verdict of the jury must be definite and certain, and when it is not definite and certain, and when it does not contain data from which it can be made definite and certain, it is no verdict. Fries v. Mack, 33 Ohio St. 52; Mays v. Lewis, 4 Tex. 38.

So, a verdict for the recovery of money must be certain as to the amount. Watson v. Damon, 54 Cal. 278; Fryberger v. Carney, 26 Minn. 84.

And a verdict is too indefinite when the date from which to compute interest is not given. Fries v. Mack, 33 Ohio St. 52.

The court can not look beyond the verdict and the pleadings and into the evidence to amend the verdict. Smith v. Tucker, 25 Tex. 594; Fries v. Mack, 33 Ohio St. 52.

The verdict entered of record in the court is the only proper verdict, and an Appellate Court can ascertain the finding of the jury from the recorded verdict and from that alone. Lambert v. Borden, 10 Ill. App. 648; Wells v. Ipperson, 48 Ill. App. 580; Jemison v. Chicago Contract Construction Co., 64 Ill. App. 436.

The verdict which is recorded will stand. Martin v. Morelock, 32 Ill. 485.

The form of the verdict, as recorded, must govern. Leftwich v. Day, 32 Minn. 512; 10 Bacon's Abridgment, 306. The form of the verdict, as recorded, must govern in case of any discrepancy between it and the verdict which the jury actually returned into court. 2 Thompson on Trials, Sec. 2635.

COWING & YOUNG, attorneys for appellee.

A verdict delivered in open court is the only verdict. Griffin v. Larned, 111 Ill. 432; Mexican Amole Soap Co. v. Clarke, 72 Ill. App. 655.

In the case at bar, the verdict delivered in open court is definite and certain, and is a good verdict on which to base the judgment.

When there is a discrepancy between the record and the bill of exceptions, the bill of exceptions will be taken as true.

The verdict in this case certified by the bill of exceptions as being delivered in open court, is good in form and substance, and if it is inconsistent with the verdict recorded by the clerk, will stand in place of the latter. Westphal v. Sipe, 62 Ill. App. 111; Hirth v. Lynch, 96 Ill. 409.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action of assumpsit to recover the amount alleged to be due appellee upon a certain endowment certificate dated September 3, 1891, issued by appellant to Michael Fitz, the deceased husband of appellee, in and by which certificate appellant bound itself to pay appellee $1,000 upon satisfactory evidence of the death of said Michael Fitz and upon the surrender of such certificate, provided the same should not have been surrendered by him and another certificate issued at his request, in accordance with the laws of the order, and upon condition that said Michael Fitz should comply with all the laws, rules and regulations governing the order or that might thereafter be enacted by the high court of the Catholic Order of Foresters.

The declaration contained the common counts and two special counts, setting out the certificate in substance, averring the death of Michael Fitz on April 3, 1896, and that during his lifetime said Michael kept and performed every obligation by him to be kept and performed under said certificate and the laws of the order, and that since his death, appellee has kept and performed all things necessary to be kept and performed by her; that she is the same Barbara Fitz named in said certificate, and that by reason of the death of said deceased, appellant is indebted to her in the sum of $1,000.

Appellant pleaded the general issue, and the cause was tried by a jury. The defense relied upon in the court below was that the deceased, at the time of his death, was not a member of the order in good standing, according to the laws of the order. The evidence bearing upon this question was conflicting, and without discussing it in detail we content ourselves by holding that the defense arising upon this contention of appellant, was fairly submitted to the jury, and they having found in favor of appellee, we see no good reason for holding they were not warranted in so finding from the evidence.

It is urged as ground for reversal, that the verdict returned by the jury was uncertain and insufficient to warrant the court in entering judgment thereon. The verdict as entered by the clerk in the record is as follows:

" We, the jury, find the issues herein joined, for plaintiff, and assess her damages at the sum of $1,000, with interest at five per cent from the date of the defendant's refusal to pay said certificate, after paying all dues and assessments from November 18, 1894, to the time of his (M. Fitz) death."

It appears, however, from the bill of exceptions, that when the jury returned into court with their verdict, the presiding judge, when the verdict was handed to him, read it aloud to the jury as follows: " We, the jury, find the issues herein joined for the plaintiff and assess her damages at the sum of $1,000," and the court thereupon inquired of the jury if they all so said, and if this was their verdict, to which

the several members of the jury responded in the affirmative.

Whereupon the court discharged the jury from the case.

It is clear, therefore, that the verdict returned by the jury, which was read aloud and assented to by them in open court, was a plain verdict for a simple sum of one thousand dollars. This state of facts fully appears from the bill of exceptions, which we think must govern, even against any other verdict which the clerk may have copied into the record. (Griffin v. Larned, 111 Ill. 432; Mexican Amole Soap Co. v. Clark, 72 Ill. App. 655.) This was the verdict accepted and acted upon by the court, and no doubt can be entertained as to its legal sufficiency to warrant the court in entering judgment thereon.

If the verdict was not read properly the loss falls on appellee, because under all the evidence, if she was entitled to recover at all, the verdict should have been large enough to cover interest, less a trifling sum for unpaid assessments. Appellant finally and definitely refused payment November 10, 1896, and appellee was entitled to interest at five per cent on $1,000 from that date until the rendition of the verdict, a period of one year and five months, and which would have amounted to a trifle over $70, while the only assessment proven to have been unpaid by deceased after November 18, 1894, was ninety cents; so that the failure of the jury to make the computation referred to in the verdict signed by them, resulted in a loss of over sixty-nine dollars to appellee, and to the benefit of appellant, and as to that matter we think it has no cause of complaint.

No reversible error appearing in the record, the judgment will be affirmed.

Mr. Presiding Justice DIBELL, having tried this cause in the court below, takes no part in this court.