## Allen H. Mertz v. The People.

1. Verdict—*Rendered Ore Tenus, Valid.*—A verdict rendered *ore tenus*, without being signed at all, is a perfect and valid verdict if received and acted on by the court in open court.

2. Same—*When an Indictment of Different Counts Charges But One Offense.*—Where an indictment charges but one offense, although stated in different counts, a general verdict and sentence is good and sufficient.

3. Presumptions—*In Favor of a General Verdict.*—In the absence of a bill of exceptions showing evidence to have been introduced tending to prove different offenses, the court will presume but one offense was established and hold the general verdict and judgment good.

**Indictment for Libel.**—Trial in the Circuit Court of Carroll County; the Hon. James S. Beame, Judge, presiding. Verdict of guilty; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

F. J. Campbell and Douglas Alleman, attorneys for plaintiff in error, contended that where the defendant is found guilty under several different counts in an indictment it is error to sentence the person on such conviction to a single term or gross number of days in all, but the sentence should be for a specified term or number of days under each count, the time under the second count to commence when the first ends, and so on to the last. Moore's Cr. L., Sec. 1003; Bolun v. People, 73 Ill. 488; People v. Whitson, 74 Ill. 20; Mullinix v. People, 76 Ill. 211, 215; Martin v. People, 76 Ill. 499; Stack v. People, 80 Ill. 32; Fletcher v. People, 81 Ill. 116; Johnson v. People, 83 Ill. 431, 437; McCann v. People, 88 Ill. 103.

Ralph E. Eaton, State's Attorney, and John D. Turnbaugh, attorneys for defendant in error.

While there were three counts in the indictment, it by no means appears on the face of the record that the defendant was prosecuted for three distinct, separate, and different crimes. Either in felonies or misdemeanors, the people have a right to set out the same offense in different words and in as many different counts as they see fit, and when

that is done a general verdict of guilty is good and any particular count need not be named in the verdict of the jury or the sentence or judgment of the court. Ochs v. People, 25 Ill. App. 379; Parker v. People, 97 Ill. 32; Bennett v. People, 96 Ill. 602; Lyons v. People, 68 Ill. 271; Hiner v. People, 34 Ill. 297.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an indictment for libel containing three counts, each count, however, being a charge of the same offense. Plaintiff in error was tried by a jury, who returned a general verdict of guilty, upon which the court entered a general sentence of nine months imprisonment in the county jail, after overruling motions for a new trial and in arrest of judgment, to reverse which judgment this writ of error is prosecuted. The record contains no bill of exceptions. The grounds relied upon for reversal are, first, that the verdict is not signed by the jurors who were impaneled and sworn to try the cause; second, that the court should have entered a separate sentence on each count and that it was error to impose a general sentence without specifying the quantum of punishment on each count; third, that the court erred in overruling the motion in arrest.

Upon the first proposition it is a sufficient answer to say, the record shows that the jury impaneled to try the cause rendered the verdict. The fact that some of the jurors signed the verdict with their initials, instead of writing out their full christian names, in no way vitiates it. A verdict rendered *ore tenus*, without being signed at all, is a perfectly valid verdict, if received and acted on by the court, in open court, as appears to have been done in this case. Griffin v. Larned, 111 Ill. 432; Mexican Amole Soap Co. v. Clark, 72 Ill. App. 655. See also Kassakowski v. the People, 177 Ill. 563.

As to the second point, inasmuch as it clearly appears the indictment charged only one offense, although stated in three different counts, we are of opinion a general verdict

and sentence was good and sufficient. The cases cited by counsel for plaintiff in error to sustain their contention under this point, are mostly those arising upon prosecutions under the dram-shop law, where each count in the indictment charges a separate offense, and we think they have no application to the case at bar.

In the case of Lyons v. The People, 68 Ill. 271, the defendants were tried upon an indictment, the first count of which charged a burglary, and the second a larceny, and the jury rendered a general verdict of guilty, upon which judgment was entered. The Supreme Court sustained the conviction on the ground that the several counts of the indictment charged but one guilty transaction, and evidence was given as to but one offense. So in the case now before us, the indictment appearing only to charge one offense, although stated differently in separate counts, in the absence of a bill of exceptions showing evidence to have been introduced tending to prove different offenses, we must presume but one offense was established and hold a general verdict and judgment good.

We find nothing in the record for which the judgment should be arrested, and hence it was not error to overrule the motion in arrest. The judgment must be affirmed.