## Eugene S. Ellsworth v. Clark Varnum.

1. Practice—*Where There is No Verdict as a Basis for a Judgment.*—Where an order shows that only eleven of the jury were present in court when the proceedings evidenced by the order took place, that no announcement was made by any of the jury, that the paper purporting to be a verdict was not even read in the presence of the jury, but that, by the direction of the court, the matter contained in the paper was entered by the clerk as the verdict of the jury, in legal contemplation there was no verdict, and consequently no basis for the judgment.

Assumpsit, for attorney fees. Appeal from the Superior Court of Cook County; the Hon. Robert B. Shirley, Judge presiding. Heard in this court at the March term, 1902. Reversed and remanded. Opinion filed January 26, 1903.

George R. Mitchell, attorney for appellant.

William C. Schaefer, attorney for appellee.

Mr. Justice Adams delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee and against appellant for the sum of $400. Appellant's counsel contends, among other things, that the verdict relied on by appellee is contrary to the manifest weight of the evidence, and that, in legal contemplation, there is no ver-

dict sufficient to sustain the judgment. The facts are substantially as follows:

In November, 1893, a case was about to be commenced in the United States Circuit Court in Florida to test the constitutionality of a tax law of that state, in respect to which appellee addressed to appellant the following letter:

"November 10, 1893.

E. S. ELLSWORTH, 520 Chamber of Commerce, City.

DEAR SIR: You have asked me to give you an estimate of what my fees would be to assist in the case about to be commenced in Florida in the United States Circuit Court, which is to form a test case under the new tax law adopted by the last Florida legislature. I understand that this test case is one that is expected to settle the question of whether this law is applicable to the lands held by yourself and some of the other people in the East, and amounting in all to a considerable holding of lands. I am also advised that it is expected that your local attorney, A. F. Odlin, of Florida, will prepare the case locally and attend to the making draft of pleadings and of an agreed statement of the facts that can be settled upon and agreed to. Having given the matter some little consideration and considering the gravity and importance of the questions involved, the power and right of the state legislature to pass such unusual and extraordinary laws being one of the principal questions in the case, and considering also that you will likely want the case tried in a way which shall obtain the fullest presentation, I realize that there will be a large volume of work connected with the superintending of and assisting in the preparation of the pleadings, the agreed statement of facts and brief and argument. I also appreciate that there should not, in a case like this, be any mistake made, and that every step be scrutinized and every precaution taken to prevent an adverse and, consequently, disastrous decision.

Considering all these matters I beg to say I think my fees for the preparation of the papers, argument and brief, etc., as above suggested, should be $500, and in the event I should be asked to go to New Orleans to present the matter in the Circuit Court of Appeals, this fee should be increased by about $250, making $750 in all. I beg to assure you that this amount is indeed very modest considering the gravity and importance of the questions involved.

Very truly yours,

CLARK VARNUM."

Appellee testified that about five days after the date of the letter, appellant told him his proposition was accepted. Subsequently, a suit was commenced in the said Circuit Court, entitled Vail v. Richards. Appellant was not a party to the suit, nor did he own any land involved in it, but he owned land in Florida, and, for that reason, was interested in the questions involved in the suit. The persons interested in the suit were Ramsey and others residing somewhere in the eastern part of the United States. That appellee performed services in the suit is not controverted. The controverted question of fact is whether appellant became liable for the whole amount due to appellee for his services in the suit, or for only half thereof. Appellant and appellee were the only witnesses, each testifying for himself. Although inclined to the opinion, after reading the evidence, that the alleged verdict is not supported by the greater weight of the evidence, yet, inasmuch as the cause must be remanded for another trial, for the error hereinafter mentioned, we omit a discussion of that question.

The following order was entered in the cause December 10, 1901:

" This day again come the parties hereto by their attorneys respectively, and eleven of the jury impaneled herein as aforesaid came also, but the twelfth juror, Charles E. Peck, came not, and the sealed verdict signed by all the jurors being returned to the court, wherein the issue was found for the plaintiff and his damages fixed at four hundred dollars, the court directed the clerk to enter the verdict finding the issues for the plaintiff and assessing the plaintiff's damages at the sum of four hundred dollars. Whereupon the defendant submits herein his motion for a new trial in said cause."

The cause was submitted to the jury December 9th, when the court directed the jury that when they agreed on a verdict they should sign and seal it and deliver it to the bailiff, and that they should all be present, in court, on the next morning, December 10th.

The order of December 10th, *supra*, shows that only eleven of the jury were present in court December 10th, when the proceedings evidenced by the order took place;

that no announcement was made by any of the jury; that the paper purporting to be a verdict was not even read in the presence of the jury; but that, by the direction of the court, the matter contained in the paper was entered by the clerk as the verdict of the jury. In legal contemplation there was no verdict, and consequently no basis for the judgment. Rigg v. Cook, 4 Gilm. 336; Martin v. Morelock, 32 Ill. 485; Griffin v. Larned, 111 Ill. 432; S. L. V., etc., R. R. Co. v. Faitz, 19 Ill. App. 85; Catholic Order of Foresters v. Fitz, 81 Ill. App. 389; 3 Graham and Waterman on New Trials, p. 1408.

The doctrine announced in the authorities cited is, that a direction to the jury to sign and seal their verdict and separate, does not dispense with their personal presence in court when the verdict is opened, because then any juror may dissent, in which case there would be no verdict; and also because the party against whom the verdict is, has the right to an opportunity to poll the jury.

The judgment will be reversed and the cause remanded.