## The Illinois, Iowa and Minnesota Railway Company

### v.

### Mary Powers et al.

*Opinion filed December 22, 1904.*

1. Appeals and errors—*Supreme Court may look to record to determine certainty of verdict.* In determining whether a verdict is sufficiently certain in amount to support the judgment entered the Supreme Court may look into the entire record, and if the uncertainty is thereby removed the judgment will be sustained.

2. Verdict—*when verdict will be held to be sufficiently certain.* A condemnation verdict for "the sum of ($2600.00) twenty-six and no-100 dollars," will be held to be sufficiently certain on appeal, where the bill of exceptions in the record shows that the judge read the verdict to the jury the same as if it were written $2600, and inquired if that was their verdict, to which they all assented.

Appeal from the County Court of DeKalb county; the Hon. W. L. Pond, Judge, presiding.

This was a proceeding under the Eminent Domain act, commenced in the county court of DeKalb county by the appellant to acquire a right of way across the farm of appellees. The appellees filed a cross-petition claiming damages to lands not taken. The jury returned a verdict in writing, fixing the value of the land taken at $563.75 and the damages to land not taken at "the sum of ($2600.00) twenty-six and no-100 dollars." The bill of exceptions shows when the verdict was returned into court the judge read the same to the jury as though it was written damages to the land not taken $2600, and thereupon inquired of the jury if the verdict as read was their verdict, to which they all assented.

Murphy & Alschuler, (D. J. Carnes, and A. W. Fisk, of counsel,) for appellant.

Cliffe & Cliffe, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The only reason urged in this court as a ground for a reversal is that the verdict is too uncertain to sustain the judgment.

In *Griffin* v. *Larned*, 111 Ill. 432, which was assumpsit upon a promissory note, the jury returned a verdict for "fourteen hundred and sixty-seven and eighty-eight cents." The verdict, upon its return into court, was read by the clerk to the jury "fourteen hundred and sixty-seven dollars and eighty-eight cents," and the court then and there inquired of the jury if the verdict as read was their verdict, and the jury, through their foreman, replied it was, and it was held the verdict as read by the clerk was the verdict of the jury, and was sufficient to support a judgment in favor of the plaintiff and against the defendant for $1467.88. That case differs from this case in this: In a condemnation proceeding the statute provides the verdict of the jury shall be in writing, while in an assumpsit suit it is not necessary that the verdict should be in writing, but the same may be announced by word of mouth, in open court, by the foreman of the jury. We think, however, this court, in passing upon the question whether a verdict is sufficiently certain and specific in amount to support the judgment rendered thereon by the trial court, may look into the entire record, and if from other portions of the record any uncertainty as to amount in the verdict is rendered certain and specific, the judgment should be sustained.

In the case of *West* v. *Americus Bank,* 63 Ga. 230, the verdict was for the plaintiff for "eighteen 1800 dollars," and the defendant contended that the word "eighteen" qualified the word "dollars," and that the verdict should be read leaving out the figures "1800." The pleadings showed that $1800 was the sum sued for, and it was held proper to read the verdict in the light of the pleadings and to enter a judgment for $1800.

In the case at bar, upon its return the verdict may be conceded to have been uncertain as to amount. The judge, however, then and there read the verdict to the jury in accordance with the amount stated therein in figures, and inquired of the jury if the verdict as read by him was their verdict, to which they replied affirmatively. The action of the court and the reply of the jury removed from the verdict what before had made it uncertain, and made it certain and specific as to amount, and the court having rendered judgment upon the verdict for the amount stated by the jury in open court to be the amount of damages allowed the appellees for land not taken, and the court having preserved a record of its action and that of the jury at the time the verdict was returned into open court, by bill of exceptions, the verdict as to the amount allowed for damages to land not taken no longer was uncertain but was thereby rendered certain and specific.

The authorities relied upon by the appellant are cases where the amount of a verdict as stated in figures did not agree with the amount stated therein in words, and the record contained no fact or facts which rendered the verdict certain as to amount. Those cases differ from this case materially and are not in point.

We are of the opinion the action taken in court at the time the verdict was returned, as shown by the bill of exceptions, cured any uncertainty in the amount of the verdict, and that the county court did not err in rendering judgment thereon in favor of the appellees for damages to lands not taken, for the sum of $2600.

The judgment of the county court will be affirmed.

*Judgment affirmed.*